JOSEPH J. CLARON, complainant,

*v.*

FERDINAND THOMMESSEN, defendant.

[Decided September 20th, 1922.]

**Title to Land—Bill to Quiet—Agreement to Sell by Complainant not Consummated by Defendant—Partial Payment by Defendant—Suit at Law to Recover and for Alleged Damages.**

On bill to quiet title.

*Messrs. Bourgeois & Coulomb,* for the complainant.

*Mr. John C. Reed,* for the defendant.

INGERSOLL, V. C.

Complainant filed a bill to quiet title to certain real estate in Atlantic City, New Jersey, alleging peaceable possession and alleging the title to be disputed by the defendant. The final hearing developed that the title is in the complainant; that on or about the 14th day of September, 1921, the defendant paid on account of the purchase of the premises the sum of one thousand dollars ($1,000) and received a receipt in the following words:

"Sept. 4, 1921. Received of Fred Thommessen, one thousand ($1,000) dollars, to bind the bargain of the Albany Arms Hotel and 183 feet on Albany Avenue, by 105 feet in depth.

"Place is to be turned over complete with the exception of personal belongings, approximately $300 in value.

"Sales price twenty-seven thousand dollars ($27,000). $10,000 cash, mortgage of $17,000 for three years. Commission to Foss, $5,000. Agreement to be drawn in the South Jersey Title Co., Sept. 6, at 11 P. M., and all adjustments to be made at date of settlement.

"Possession to be given the 17th, or before.

J. J. CLARON."

That no agreement was drawn at the time agreed upon and that the defendant failed to complete the contract, alleging that it had been agreed that he was to receive some personal property (consisting of wines, liquors, &c.) in addition to the real estate, and that the complainant refused the delivery of the same; that thereafter the said agreement was proven by a party who was present at its execution and the same was recorded in the clerk's office of Atlantic county.

Prior to the filing of this bill the defendant brought suit in the supreme court against the defendant for the return of the said deposit and for damages for alleged misrepresentation.

The form of the bill removes it from the objection made in *McClave et al.* v. *McGregor et al., 72 N. J. Eq. 218;* but the facts found are almost identical with the wording of the bill in that cause and of the opinion therein.

Following the views expressed in that case and for the reasons therein stated, the bill must be dismissed. The counter-claim should also be dismissed or continued until the issue in the supreme court is determined.